IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01393-MSK-CBS

SHELLY A. MCALLISTER,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a member of the American Family Insurance Group,

      Defendant.

## ORDER REMANDING CASE

THIS MATTER comes before the Court on the Defendant's response **(#11)** to the Court's Order to Show Cause Why Case Should not be Remanded **(#10)**.

The Plaintiff commenced this action in the El Paso County District Court.  The Plaintiff claims that the Defendant failed to offer her extended personal injury protection (PIP) benefits with regard to her automobile insurance policy.  She seeks reformation of the insurance policy to include medical benefits without dollar or time limitations, and lost income benefits equivalent to 85% of lost weekly gross income without dollar or time limitations.  In her Complaint, the Plaintiff did not request any particular monetary relief, nor did she identify any out-of-pocket losses.

The Defendant removed the action to this Court.  In the Notice of Removal, the Defendant asserts that this Court can exercise jurisdiction based upon diversity pursuant to 28

U.S.C. § 1332.  The Defendant contends that the requisite amount in controversy is established solely by the Plaintiff's election in the mandatory Colorado Civil Cover Sheet stating: "This party is seeking a monetary judgment for more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs[.]"

The Court ordered the parties to show cause, in writing, why this case should not be remanded for failure to adequately establish the amount in controversy required for diversity jurisdiction.  The Defendant responds that the Plaintiff seeks, at a minimum, an additional $70,000 in PIP benefits, because this is the difference between basic PIP benefits and the $200,000 aggregate contained in the Defendant's PIP endorsement.  The Defendant also asserts that because the Plaintiff seeks to have PIP coverage reformed without any aggregate, this has increased "the potential exposure for additional PIP benefits well beyond $75,000."

The Court treats such response as an amendment to the Notice of Removal.  However, there are still insufficient facts alleged in either the Complaint or the Notice of Removal to demonstrate that the Court has jurisdiction.  The Defendant's speculation that its potential exposure could exceed $75,000 is not sufficient to make this demonstration.

In accordance with the analysis set forth in *Baker v. Sears Holding Corp.*, Civil Action No. 07-cv-01106-MSK-MEH (copy attached hereto), there has been an insufficient showing of the requisite amount in controversy to establish diversity jurisdiction.  Accordingly, the action must be remanded to the State Court.  *See* 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that this action is **REMANDED** to the El Paso

County District Court.

Dated this 9th day of October, 2007

**BY THE COURT:**

_Marcia S. Krieger_
_____

Marcia S. Krieger
United States District Judge